ROSE SOPHIE EVELYN BEIGER, Appellant, v. PIGGLY-WIGGLY STORES, INC.

---

(June 8, 1925, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Pleading—Par. 62.
An exception of no cause of action admits the allegations of fact contained in the petition. On the trial of the exception no other fact can be considered as admitted.

Appeal from Civil District Court, Parish of Orleans, Division "A", Hon. H. C. Cage, Judge.

This is a suit for possession of premises.

Judgment reversed and case remanded.

Frank Soule, attorney for plaintiff, appellant.

John J. McCloskey, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit for possession of premises.

The petition alleges that plaintiff is the owner of the property described in the petition known by the Municipal Number 2601 Laharpe street; that the property was on January 30th, 1920, leased to the defendant for a period of five years commencing February 20th, 1920, and ending February 19th, 1925; that defendant was given written notice to vacate the premises more than ten days prior to the expiration of the lease; that the lease has expired and defendant refuses to surrender possession claiming the right to occupy the property for a further period of five years under the following clause in the lease:

"The lessor covenants and agrees that the Lessee shall have the right to extend or prolong the term of this lease for a further period of five years, from the expiration of the initial term of this lease, at a rental of_____dollars per annum, provided the Lessee shall give the Lessor written notice of its intention to avail itself of such right at least 90 days before the expiration of the initial term; and such notice when given shall operate to extend or prolong the term of this lease for such additional period, and all the covenants, agreements, terms, conditions and stipulations contained herein (except this covenant for additional period) shall apply to such further period of time as if it had been made a part of and included in the original term of this lease."

It is further alleged that the rental to be paid for the extended term of the lease was purposely left blank with the understanding that it should be the subject of agreement between the lessor and lessee upon the expiration of the original term of the lease and that plaintiff has offered to extend the lease for a rental of $90.00

per month which defendant has declined.

Defendant filed an exception of no cause of action which was maintained and plaintiff has appealed.

It will be observed that defendant's right to a renewal of the lease under the clause we have quoted depends upon the lessor giving written "notice of its intention to avail itself of such right at least 90 days before the expiration of the initial term". Under the circumstances, we do not believe the case can be disposed of on an exception of no cause of action, since even if the clause of the lease be valid, concerning which we express no opinion, defendant's right to avail itself of it depends upon the giving of the stipulated notice, which notice is not alleged in the petition to have been given and cannot be assumed as a fact.

For the reasons assigned, the judgment appealed from is reversed and this case remanded for further proceeding according to law, the costs of this appeal to be borne by defendant and of the District Court to await the final determination of the suit.